# EXHIBIT A

| Summons | CIVIL DOCKET NO.<br>2583CV00400 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

CASE NAME:

John Cook & Tammie Cook,
Plaintiff(s)

vs.

Isansee Incorporated,
Amazon.com Services LLC,
and Amazon.com, Inc.,
Defendant(s)

Robert S. Creedon, Jr.    Clerk of Courts
Plymouth    County

COURT NAME & ADDRESS:
Plymouth County Superior Court

72 Belmont Street

Brockton, MA 02301

THIS SUMMONS IS DIRECTED TO _Amazon.com Services LLC_    (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Plymouth Superior    Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior    Court
72 Belmont Street Brockton, MA 0230 (address), by mail, in person, or electronically through

the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
Jeremy M. Carroll, Esq. & Sarah E. Crossen Esq., Meehan, Boyle,
Black & Bogdanow, P.C. 100 Cambridge St., Suite 2101, Boston, MA, 02114

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

A true copy Attest:

Joseph P. Casey
7-4-25

Deputy Sheriff Suffolk County

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. ___Michael D. Ricciuti___ , Chief Justice on ___June 30___ , 20 _25_. (Seal)

Clerk  ___

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____     Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2023

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                              SUPERIOR COURT

|  |  |
|---|---|
| JOHN COOK and TAMMIE COOK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | NO. |
| ISANSEE INCORPORATED, AMAZON.COM ) | |
| SERVICES LLC, and AMAZON.COM, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND JURY CLAIM

### Introduction

1. This product liability action arises from a May 6, 2022 incident in which Plaintiff, John Cook, fell from a roof due to a defective ladder designed and sold by Defendants, resulting in serious, permanent injuries. Plaintiff, John Cook's wife, Tammie Cook, seeks damages for loss of consortium.

### Parties

2. Plaintiff John Cook resides in the Town of Wareham, County of Plymouth, Commonwealth of Massachusetts. Plaintiff Tammie Cook is John Cook's wife (legally married at the time of the incident), who resides at the same address and raises claims for loss of consortium.

3. Defendant, Isansee Incorporated ("Isansee"), is a foreign corporation engaged in designing, manufacturing, marketing, and selling consumer products, including the subject 18.5 ft telescoping collapsible ladder with non-slip hooks ("subject ladder"). Defendant Isansee has a principal place of business at 5625 Challenge Drive, Suite 104, City of Memphis, County of Shelby, State of Tennessee.

4. Defendant, Amazon.com Services LLC is a foreign corporation formed in the State of Delaware, with its principal place of business located at 410 Terry Avenue North, City of Seattle, County of King, State of Washington, and is registered to do business in the State of Washington and the Commonwealth of Massachusetts.

5. Defendant, Amazon.com, Inc., is a foreign corporation formed in the State of Delaware, with its principal place of business located at 410 Terry Avenue North, City of Seattle, King County, State of Washington, and is registered to do business in the State of Washington and the Commonwealth of Massachusetts.

6. Defendants, Amazon.com Services LLC and Amazon.com, Inc., are hereinafter referred to as the "Amazon Defendants." The Amazon Defendants distribute and retail consumer products, including products manufactured by Isansee, via multiple distribution centers, including in the Commonwealth of Massachusetts.

## Jurisdiction

7. Plaintiffs' causes of action against the foreign Defendants arise from all Defendants:

   a. Transacting business in the Commonwealth of Massachusetts;

   b. Contracting to supply services or things in the Commonwealth of Massachusetts;

   c. Causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

   d. Causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

## Factual Allegations

### (Marketing and Sale of Ladder)

8. Defendant Isansee designs, manufactures, develops, formulates, tests, packages, labels, markets, warrants, imports, distributes, and sells a variety of consumer products, including the subject 18.5 ft telescoping collapsible ladder with "non-slip" hooks.

9. The Amazon Defendants are engaged in the distribution and retail sale of consumer products throughout the United States of America, with multiple distribution centers throughout Massachusetts, and acts as a digital storefront for Isansee products in the United States, including the distribution and sale of the subject ladder.

10. The Amazon Defendants hold themselves out to be a digital storefront for the marketing, importing, distribution, and sale of the subject ladder.

11. The Amazon Defendants have their own products that they sell on this storefront: Amazon Basics.

2

12. The Amazon Defendants provide assurances to customers about product safety, control what can be listed and in what format; process payment and refunds; communicate with customers about transaction; monitor reviews and feedback; can choose whether and how to dispose of product units; calculate and charge sales tax; store products at their warehouses and deliver them in Amazon packaging; mandate seller code of conduct, require sellers to meet their selling and refund policies, require proof of regulatory compliance, and enforce recalls.

13. The United States Consumer Product Safety Commission, in a July 30, 2024 order, ruled that Defendant Amazon.com, Inc. is a "distributor" of products that are defective or fail to meet federal consumer product safety standards, and therefore bears legal responsibility for their recall under the Consumer Product Safety Act (CPSA).

14. On or about October 25, 2021, the Amazon Defendants and Defendant Isansee sold Plaintiff John Cook the preassembled subject ladder.

15. Defendants failed to provide any warnings or manuals with the subject ladder.

16. Defendants expressly marketed the subject ladder as having a 330 lbs. rating.

17. Defendants generally marketed the subject ladder as having "rock solid stability" and "premium aluminum alloy."

18. Plaintiff John Cook relied on representations made by Defendants when he purchased the ladder, and he reasonably expected it to be free of defects and safe for utilizing for roof repair.

19. Defendants' representations regarding safety and design were misleading and hazardous to consumers.

(Incident)

20. On or about May 6, 2022, at 2 Charlie Avenue, Onset, Massachusetts, Plaintiff John Cook fully extended the ladder to replace shingles on a section of the roof. He maneuvered the ladder to ensure that the ladder was secure, and the hooks were properly in place on the peak of the roof.

21. While using the ladder on the roof, the hooks of the ladder failed, causing Plaintiff John Cook to fall off the roof, with the ladder bending and folding in the process, and resulting in Plaintiff sustaining serious and permanent injuries.

(Design, Manufacture, and Warnings)

22. The subject ladder was unreasonably unsafe, dangerously defective, and unfit for sale to consumers.

3

23. The subject ladder has several manufacturing, warning, and design defects, including defective hooks, inadequate traction, and the use of weak substandard materials, rendering it unreasonably dangerous for its intended purpose.

24. Defendants knew or should have known that the Plaintiff and consumers like him were at substantial likelihood of injuring themselves from the negligent design, manufacture, and warning of the subject ladder.

25. Consumer reviews regarding these issues were posted publicly on internet review sites, which should have come to the attention of Defendants.

26. Defendant Isansee failed to adequately test the ladder.

27. Defendant Isansee failed to warn and place adequate warnings and instructions on the ladder.

28. Economic, safer designs for telescopic ladder hook mechanisms exist on the marketplace and could have prevented the ladder from failing and injuring the Plaintiff.

29. Defendants failed to issue proper warnings, change the defective design, or recall the product.

30. The subject ladder was not materially altered or modified after being manufactured by Isansee and before being used by Plaintiff.

31. Plaintiff did not misuse or materially alter the ladder.

32. Plaintiff used the subject ladder in a reasonably foreseeable manner.

33. The subject ladder did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

34. As a direct and proximate result of all Defendants' conduct, Plaintiff John Cook incurred significant and painful bodily injuries, medical expenses, wage loss, loss of earning capacity, physical pain, mental anguish, and diminished enjoyment of life.

35. Plaintiff Tammie Cook suffered loss of consortium, including loss of care, comfort, companionship, and services of her spouse due to Defendants' actions.

## Count I

### PLAINTIFF JOHN COOK v. ALL DEFENDANTS
### (NEGLIGENT DESIGN, MANUFACTURE & WARNINGS)

4

36. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37. Defendants owed a duty of reasonable care to Plaintiff, and consumers, in the design, manufacture, assembly, inspection, testing, marking, sale, distribution, and warnings related to the subject ladder.

38. Defendants breached that duty by negligently selling a ladder with design, manufacturing, and warning defects.

39. As a direct and proximate result of said negligence, Plaintiff suffered injuries and damages.

WHEREFORE, Plaintiff John Cook prays that judgment be entered against the Defendants in an amount that will fairly and adequately award all recoverable damages, together with interest, costs, attorneys' fees and such other relief as the Court deems just and appropriate. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## Count II

### PLAINTIFF JOHN COOK v. ALL DEFENDANTS
### (BREACH OF ALL WARRANTIES)

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. At all relevant times, Defendants were merchants that sold ladders and expressly and impliedly warranted that the product and its component parts were merchantable, fit, safe, and in the proper condition for the ordinary use for which it was intended and used.

42. Defendants had reason to know the particular purpose for which the goods were required, and that Plaintiff was relying on Defendants' respective skills and judgment to select and furnish suitable goods.

43. The subject ladder, its component parts, warnings, and instructions were defective.

44. The defects in the ladder existed at the time of the sale to Plaintiff. Thus, the subject ladder was not merchantable, safe, and fit as warranted by Defendants.

45. Defendants breached the warranties of merchantability and fitness for particular use with respect to Plaintiff.

46. As the direct and proximate result of Defendants' breaches of warranties, Plaintiff was caused to suffer severe personal injuries, great pain of body and mind, a loss of earnings, and to incur significant medical expenses.

5

WHEREFORE, Plaintiff John Cook prays that this Court enter judgment against Defendants in an amount which will fairly and adequately compensate Plaintiff for all physical, emotional, financial, and other injuries he sustained, whether direct, indirect, or consequential, and award all other recoverable damages, together with interest, costs, attorneys' fees and such other relief as may be appropriate.

## Count III

### PLAINTIFF JOHN COOK v. ALL DEFENDANTS
### (VIOLATION OF M.G.L. CH. 93A)

47. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

48. Defendants are engaged in the conduct of trade and commerce within the scope of M.G.L. c. 93A section 9.

49. The wrongful acts of Defendants, including their breaches of warranty, constitute a violation of M.G.L. ch. 93A.

50. All Defendants were on actual notice of the product defects in the subject ladder, making their violations of Chapter 93A knowing and willful.

51. On or about March 6, 2025, counsel for Plaintiff served upon all Defendants a written demand for relief pursuant to M.G.L. ch. 93A section 9(3) making demand for settlement of Plaintiff's claims based upon the aforementioned breaches of warranties and negligence, which constituted unfair and deceptive trade practices.

52. Defendants have not yet made any settlement offer, thereby also entitling Plaintiff to judgment and to all damages authorized by statute.

WHEREFORE, Plaintiff John Cook demands judgment and multiple damages against all Defendants pursuant to M.G.L. ch. 93A, including costs and attorneys' fees.

## Count IV

### PLAINTIFF TAMMIE COOK v. ALL DEFENDANTS
### (LOSS OF CONSORTIUM)

53. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

54. As a direct and proximate result of the negligence of Defendants, Amazon.com, Inc., Amazon.com Services LLC, and Isansee Incorporated, Plaintiff Tammie Cook was

caused to incur substantial consequential damages, and was caused to lose the care, comfort, society, companionship, services, guidance, counsel, support, consortium, and advice of her spouse, John Cook.

WHEREFORE, Plaintiff Tammie Cook prays that judgment be entered against the Defendants in an amount that will fairly and adequately award all recoverable damages, together with interest, costs, attorneys' fees, and such other relief as the Court deems just and appropriate. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## JURY CLAIM

THE PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL CLAIMS AND DEFENSES ASSERTED OR HEREAFTER ASSERTED BY THEM AND ON EACH DEFENSE ASSERTED OR HEREAFTER ASSERTED BY ANY DEFENDANTS AND, FURTHER, CLAIM THEIR RIGHT TO ATTORNEY-CONDUCTED VOIR DIRE.

The Plaintiffs,

By Their Attorneys,
MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.

Jeremy M. Carroll, Esq.; BBO No. 682486
jmcarroll@meehanboyle.com
Sarah E. Crossen, Esq.; BBO No. 712985
scrossen@meehanboyle.com
100 Cambridge Street, Suite 2101
Boston, MA 02114
(617) 523-8300

DATED:    April 30, 2025

7

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | **COUNTY** PLYMOUTH |

| | | | |
|---|---|---|---|
| **Plaintiff** | John Cook | **Defendant:** | AMAZON.COM, INC. |
| **ADDRESS:** | Wareham, Massachusetts | **ADDRESS:** | Seattle, Washington |
| | | | |
| **Plaintiff:** | Tammie Cook | **Defendant:** | AMAZON.COM SERVICES LLC |
| **ADDRESS:** | Wareham, Massachusetts | **ADDRESS:** | Seattle, Washington |
| | | | |
| **Plaintiff Attorney:** | Jeremy M. Carroll | **Defendant:** | ISANSEE INCORPORATED |
| **ADDRESS:** | 100 Cambridge Street, Suite 2101 | **ADDRESS:** | Memphis, Tennessee |
| Boston, MA | | | |
| **BBO:** | 682486 | | |
| **Plaintiff Attorney:** | Sarah E. Crossen | **Defendant:** | |
| **ADDRESS:** | 100 Cambridge Street, Suite 2101 | **ADDRESS:** | |
| Boston, MA | | | |
| **BBO:** | 712985 | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Product Liability | A | ☒ YES  ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES  ☐ NO | ☐ YES  ☒ NO |

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses    $75,000.00

    2. Total doctor expenses    $20,000.00

    3. Total chiropractic expenses    $1,500.00

    4. Total physical therapy expenses    $11,000.00

    5. Total other expenses (describe below)    $25,000.00

    Medical Flight

            Subtotal (1-5):    $132,500.00

B. Documented lost wages and compensation to date    $46,000.00

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses    $60,000.00

E. Reasonably anticipated lost wages    To be determined

F. Other documented items of damages (describe below)

Pain and suffering, loss of consortium, permanent scarring, permanent injury to hand, neck, and back

            TOTAL (A-F):    In excess of $238,500.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff John Cook suffered multiple fractures and other serious, permanent injuries and chronic pain as a result a fall caused by a defectice ladder designed and sold by Defendants.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |

SC0001: 02/24        www.mass.gov/courts        Date/Time Printed:04-28-2025 11:36:50

Docket Number | Total

Signature of Attorney/Self-Represented Plaintiff: X _____ | Date: April 30, 2025

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____ | Date: April 30, 2025

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | | |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | | |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2583CV00400 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Cook, John et al vs. ISANSEE INCORPORATED et al | Robert S. Creedon, Jr., Clerk of Courts Plymouth County |
|---|---|

| TO: Jeremy Michael Carroll, Esq. Meehan, Boyle, Black and Bogdanow, P.C. 100 Cambridge St Suite 2101 Boston, MA 02114 | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |
|---|---|

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/29/2025 | |
| Response to the complaint filed (also see MRCP 12) | | 08/28/2025 | |
| All motions under MRCP 12, 19, and 20 | 08/28/2025 | 09/29/2025 | 10/27/2025 |
| All motions under MRCP 15 | 06/24/2026 | 07/24/2026 | 07/24/2026 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/20/2027 | | |
| All motions under MRCP 56 | 05/20/2027 | 06/21/2027 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/18/2027 |
| Case shall be resolved and judgment shall issue by | | | 05/01/2028 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 05/01/2025 | ASSISTANT CLERK | PHONE (508)583-8250 |
|---|---|---|

Date/Time Printed: 05-01-2025 11:45:38

SCV026\ 08/2018